Dantes, Judge.
 

 The plaintiff was permitted fo recover in this case on theground that the defendant might, by an action of trover against
 
 John, William,
 
 and
 
 Daniel Doughtry,
 
 have recovered the value of the slave
 
 General
 
 from all or sonic one of them, and that he negligently omitted to bring such action, whereby the price of the said slave has been lost to the relators. The question presented is, could he have recovered if lie bad brought such an action? In trover the conversion of the property is the
 
 gist
 
 of the action, and in general, evidence of some tortious act is essential to a conversion. What will amount to a conversion when proved, is a question of law. In this case it was in evidence
 
 that Amos Doughtry,
 
 who had hired the slave of the defendant for the term of one year, sold the said slave out and out to
 
 Reddick,
 
 and that
 
 John
 
 and
 
 Daniel Doughtry,
 
 
 *474
 
 bis brothers, who liad some equitable, interest in the slave, were present at the time and place of sale, but they neither said nor did any thing relative to the transaction.
 
 William
 
 was not present at the sale, but had knowledge that
 
 Reddick
 
 was about to carry the slave away, and did not forbid, nor prevent his doing it.—
 
 Jhnos
 
 having the legal estate in the slave for the year, had of course the whole control and management of him for that space of time,
 
 John
 
 and
 
 Daniel
 
 being present at the absolute sale of the slave, and neither saying nor doing any thing, was evidence either of an admission, that they had no title to the slave, or a relinquishment of such title as they might have. An acquiescence and endurance, when acts are done by another, which if wrongfully done are encroachments, and call for resistance and opposition, are evidence as a tacit admission that such acts could not legally bo resisted, (2
 
 Starkie,
 
 37.
 
 38.)
 
 A sale of property by one who has no title,in the presence of the owner, without objection on his part has been said to estop the latter from impeaching the transaction on the ground of his better title,
 
 (Bird v Benton, ante
 
 2 vol. 179.) Perhaps the more accurate phrase would he, that this conduct is strong evidence of a waiver of such title. But whether it amounts to a technical estoppel, or to a virtual relinquishment, we know' of no rule of law which declares that the bare „ , . • ,, . • presence of a person, neither doing nor saying any thing when another person docs an illegal act, makes of itself, the former a confederate xn the illegal act so. done by the latter. The owner being present, when a sale of his property is made by another, if lie makes no objection, and fails to disclose his title, may rightfully be precluded from setting it up afterwards. But the law does not go farther, and from that circumstance declare that lie makes the sale, particulaxdy if that sale is to he held a tortious and illegal act, as relating to the rights of third and absent persons. Vc think from the case stated, that the defendant could not have recovered the value of the slave from either of the three brothers
 
 oiJlmos. Daughtry,
 
 and that a new trial must be granted-
 

 íTm'voLp.1.79)
 

 { ¿ by, while proper-¡y m wlncl1 he has an interest, is waives his htfe m favor of
 

 ¿^ehy* become guilty óf a con-
 

 ■Per Curiam, — Judgment reversed.